UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| MARY JO BUNDY EVERAGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 7:19-cv-00010-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NASHVILLE SONGWRITERS | ) | **&** |
| ASSOCIATION INTERNATIONAL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the civil complaint received by *pro se* plaintiff Mary Jo Bundy Everage as well as Ms. Everage's personal business, Everage Real Estate, Inc. [R. 1.] Ms. Everage, who has moved to proceed *in forma pauperis* in this matter, seeks millions of dollars in damages from the Nashville Songwriters Association International ("NSAI") for actions members of NSAI have allegedly taken against her over the last twenty years. For the reasons that follow, Ms. Everage's motion for leave to proceed *in forma pauperis* will be GRANTED, but upon the Court's initial screening of this matter, her complaint will be DISMISSED.

**I**

The Eastern District of Kentucky has encountered *pro se* plaintiff Mary Jo Bundy Everage on a number of occasions. In 2006, during a criminal proceeding against the plaintiff, the court ordered that Ms. Everage be involuntarily administered anti-psychotic medication. *See United States v. Everage*, Case No. 05-cr-11-DLB (E.D. Ky. 2006). And both before and after that time, Everage has been a *pro se* party to a number of civil matters. For example, Everage

has filed a complaint for violations of her civil rights in conjunction with an arrest, *see Everage v. Whitaker*, Case No. 05-cv-115-KKC (E.D. Ky. 2006); an action regarding her dissatisfaction with a Ford pick-up truck, *see Everage v. Ford Motor Co*., Case No. 04-cv-549-KKC (E.D. Ky. 2005); a complaint for damages stemming from the 2006 administration of psychotropic medication, *see Everage Real Estate, Inc. v. United States*, No. 7:17-cv-99-EBA (E.D. Ky. 2018); and at least two actions against television networks for their alleged invasions of privacy and "targeting", *see Everage v. Central Broadcasting Sys. Corp., Inc.,* et al., Case No. 7:18-cv-102-KKC (E.D. Ky. 2018); *Everage v. ABC Television Network, Inc*., et al., Case No. 7:18-cv-119-REW (E.D. Ky. 2018).

In the present matter Everage alleges that, as a result of certain relationships she formed with Nashville musicians in the late 1990's, members of the NSAI have "mocked and targeted [her] in shows like the CMA Awards on CBS, news shows, in concerts like Celtic Woman, and nearly every show [CBS] produces on TV." [R. 1 at 3.] Everage details challenges she has faced over the last twenty years of her life and attributes those to either Nashville entertainers from the NSAI or to persons of German descent. [*See id.* at 5 ("Every 'hit' I have taken during all of this time leads straight back to Nashville and the Germans.").] And, ultimately, Everage seeks millions of dollars in damages for the denial of her constitutional right to pursue happiness, which has allegedly been caused by the defendant. [*Id.* at 6.]

The Court has reviewed the financial information provided by Ms. Everage [*see* R. 3] and will allow Everage to proceed in this matter as a pauper. Because Everage has been granted pauper status, the $50.00 administrative fee will be waived. *See* District Court Miscellaneous Fee Schedule, § 14. In addition, the Court will conduct a preliminary screening of Everage's complaint pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g., In re: Prison Litigation Reform Act*, 105

F.3d 1131, 1134 (6th Cir. 1997) (noting the district court must still screen complaints filed by non-prisoners under § 1915(e)). Under that governing statute, the Court shall dismiss any portion of Everage's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Because Everage is proceeding without an attorney, the Court evaluates her complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Everage's factual allegations as true and liberally construes Everage's legal claims in her favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## II

Despite the lenient construction afforded to Ms. Everage's *pro se* complaint at this early stage of the proceedings, her action must be dismissed. The complaint in this matter suffers from myriad problems but, most importantly, the complaint lacks a legal basis for the relief Ms. Everage seeks. The only legal authority Everage references in support of her claims is "the United States Constitution which guarantees [her] life, liberty and The pursuit of happiness, all of which have been denied me by the entertainment world." [R. 1 at 6.] Everage then refers vaguely to "hate crimes", though she does not articulate any statutory or common law hate crimes specifically. [*Id.*] To the extent Everage hoped to sue the NSAI for violations of her civil rights under 42 U.S.C. § 1983, that statute only applies where a defendant acts under the color of state law. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48-49 (1988). There is no indication in the complaint that the NSAI, a not-for-profit songwriters trade association, was acting under the color of state law at any relevant time.

Further, to the extent Everage hoped to proceed not pursuant to § 1983 but under the Court's diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332, the complaint still fails to

3

articulate any cognizable claims.  When sitting in diversity, a federal court applies the substantive law of the state in which it sits.  *Hayes v. Equitable Energy Resources Co*., 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941)).  However, the complaint is still subject to the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as facial plausibility.  *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  After reviewing the complaint and its context, it is clear that Everage's vague references to the destruction of her career and the deprivation of her constitutional rights do not provide the required level of facial plausibility under the Federal Rules of Civil Procedure or governing case law.  *See Ashcroft*, 556 U.S. at 678-79 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  Therefore, Everage's complaint will be dismissed, and this matter will be stricken from the Court's active docket.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The plaintiff's motion to proceed *in forma pauperis* [R. 3] is **GRANTED** and payment of the filing and administrative fees in this matter is **WAIVED**.

2. This matter is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2);

3. Judgment shall be entered contemporaneously herewith.

This the 8th day of February, 2019.

4



Gregory F. Van Tatenhove
United States District Judge